IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEITH KING, | ) |
| | ) |
| Petitioner,[1] | ) |
| | ) |
| v. | ) Civil Action No.17-798-GMS |
| | ) |
| KYLE PAYNE, Assistant District Attorney, and | ) |
| IRWIN CARMICHAEL, Sheriff, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

**I.   BACKGROUND**

Petitioner Keith King ("King") filed the instant habeas petition (D.I. 2), along with a motion for leave to proceed *in forma pauperis* (D.I 1). Although not entirely clear, it appears that King is presently incarcerated in some prison in Mecklenbrug County, North Carolina. King asserts his current imprisonment is illegal, and he asks the court to order his immediate release. (D.I. 2 at 7)

---

[1] Although the caption of the petition indicates that Regina Boston is acting as King's "next friend", the petition contains no statement from Boston requesting status as King's "next friend." Rather, it appears that the "next friend" designation was included because the address on record is Regina Boston's address. Given this situation, the court is treating the petition as though filed by Keith King. Even if the court were to treat Regina Boston as seeking "next friend" status, it would deny the request because she has not satisfied the requirements for obtaining such status. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). As a general rule, a "next friend" may appear in court "on behalf of a detained prisoner who is unable, usually because of mental incompetence or inaccessibility, to seek relief himself," provided that the person has some "significant relationship" with the prisoner and that he or she is truly dedicated to best interests of the prisoner. *Id.* at 162-64. The burden of proving "next friend" status rests with the moving party. *Id.* at 163.

## II. STANDARD OF REVIEW

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

After reviewing the face of the petition, the court concludes that summary dismissal is appropriate in this case. King is not in custody in the State of Delaware, he does not challenge a sentence or conviction imposed by the State of Delaware, and he does not challenge a sentence or conviction imposed by this court. *See* 28 U.S.C. § 2254; 28 U.S.C. § 2241(d)(petition may be filed either in the district "wherein such person is in custody or . . . the district within which State court was held which convicted and sentenced him"); 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Therefore, the court does not have jurisdiction over the instant proceeding.

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss King's habeas petition for lack of jurisdiction. Given this conclusion, the court will dismiss as moot King's motion for leave to proceed *in forma pauperis*. The court also declines to issue a certificate of appealability because King has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

_____
DATE

_____
UNITED STATES DISTRICT JUDGE

2